IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DWAYNE E. BANKS, ID # 07068402, | ) | |
|     Plaintiff, | ) | |
| vs. | ) | No. 3:09-CV-0184-D (BH) |
| | ) | |
| CITY OF BALCH SPRINGS, et al., | ) | Referred to U.S. Magistrate Judge |
|     Defendants. | ) | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, this case has been referred to the United States Magistrate Judge for findings, conclusions, and recommendation.

### I. BACKGROUND

In January 2008, while a pretrial detainee in the Dallas County Jail, Plaintiff filed this action pursuant to 42 U.S.C. § 1983. He sues Balch Springs Police Officer D. Gammon ("Gammon") and the City of Balch Springs for alleged excessive force during a traffic stop. (Am. Compl. at 1, 3, 4; Answer to Questions 1 and 2 of Magistrate Judge's Questionnaire ("MJQ").[1]) Plaintiff asserted the same claim against Gammon in Cause No. 3:08-CV-0474-K (N.D. Tex.). (*See* Answer to Question 2 of MJQ.) The Court dismissed part of that prior action and stayed the remainder as to defendants Sheriff Lupe Valdez and D. Gammon because state criminal charges were still pending against Plaintiff.[2] *Banks v. Gammon*, No. 3:08-CV-0474-K, 2008 WL 2404967, at *4 (N.D. Tex. June 9, 2008) (accepting recommendation of Mag. J.) Although the Court closed that case for statistical

---

[1] Plaintiff's answers to the questions posed by the Court constitute an amendment to the filed complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

[2] One of the state charges has been replaced with a new indictment. (*See* Answers to Questions 3 and 4 of MJQ.) That replacement does not affect the stay in the prior action.

purposes, it retained jurisdiction to reopen upon proper motion after the state criminal charges were resolved. *Banks v. Gammon*, No. 3:08-CV-0474-K, unpub. order (N.D. Tex. June 9, 2009) (order staying case).

No process has been issued in this case.

## II. PRELIMINARY SCREENING

Plaintiff is a prisoner[3] who has been permitted to proceed *in forma pauperis* ("IFP"). As a prisoner seeking redress from a governmental entity and an officer or employee thereof, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal, if the Court finds the complaint malicious.

The Fifth Circuit "has held that it is malicious for a pauper to file successive IFP suits that duplicate claims made in other pending or previous lawsuits." *Humphrey v. Luna*, 59 F.3d 1242, 1242 (5th Cir. 1995) (per curiam) (Table; text on Westlaw) (citing *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) (pending lawsuits); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (previous lawsuits)). Adding different defendants in the successive action does not change the malicious or duplicative nature of the case, and a court may properly dismiss it. *See Bailey*, 846 F.2d at 1021. Courts may also consolidate the two actions, though they ordinarily dismiss "the later-filed action . . . in favor of the case that was filed earlier." *See Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993).

---

[3]Sections 1915(h) and 1915A(c) define prisoner as including individuals "detained in any facility who is accused of . . . violations of criminal law."

Here, Plaintiff concedes that his claims against Gammons in this action for alleged excessive force during a traffic stop are the same as in his prior action, although he now names the City of Balch Springs as a defendant for allowing him to be illegally incarcerated. (*See* Answer to Question 1 of MJQ.) There is no apparent reason Plaintiff could not have pursued his claim against the City in his prior case.[4] Since the prior action has been stayed pending resolution of the pending state charges, (*see* Answer to Questions 3 and 4 of MJQ), the Court should dismiss this action as malicious within the meaning of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) without prejudice to the prosecution of the earlier suit.

### III. RECOMMENDATION

The Court should summarily **DISMISS** this action with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), but the dismissal should be without prejudice to the prosecution of Plaintiff's prior suit, *Banks v. Gammon*, No. 3:08-CV-0474-K (N.D. Tex. filed Mar. 18, 2008). Although it has been statistically closed while pending state charges are resolved, the prior action remains pending for the claims asserted against Defendants Gammons and Valdez.

**SIGNED this 17th day of March, 2009.**

                                                                                            _____
                                                                                            IRMA CARRILLO RAMIREZ
                                                                                            UNITED STATES MAGISTRATE JUDGE

---

[4] Notably, to hold a municipality like the City of Balch Springs liable under 42 U.S.C. § 1983, plaintiffs must show an "underlying claim of a violation of rights", as well as, "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Cox v. City of Dallas*, 430 F.3d 734, 748 (5th Cir. 2005); *Stephens v. Dallas County*, 3:05-CV-1009-K, 2007 WL 34827, at *5 (N.D. Tex. Jan.4, 2007). Because Plaintiff has not alleged any official policy or custom on the part of the City of Balch Springs that violated his constitutional rights and because neither his complaint nor the answers to the Magistrate Judge's Questionnaire show a policy or custom, his claims against the City of Balch Springs necessarily fail.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE